IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DR. ROSE C. MERCHANT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:10-cv-376-TSE-TRJ |
| FAIRFAX COUNTY, VIRGINIA, et al., | § § § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO ALTER THE JUDGMENT PURSUANT TO RULE 59(e)**

Defendant Robert M. Bauer files the following response to the motion of Plaintiff Rose C. Merchant to alter the judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Merchant asserts that this Court may increase the $1.00 in nominal damages that the jury awarded her in this 42 U.S.C. § 1983 case. This assertion is contrary to *Dimick v. Schiedt*, 293 U.S. 474, 486-87 (1935), in which the U.S. Supreme held that the Seventh Amendment to the U.S. Constitution prohibits a federal court granting additur and increasing a jury's award of damages. Merchant's suggestion that this Court may depart from *Dimick* because the common law is not immutable, but flexible, and upon its own principles adopts itself to varying conditions, ignores that *Dimick's* holding rested upon a lengthy analysis of "the appropriate rules of the common law established at the time of the adoption of [the Seventh Amendment] in 1791." *Id.* at 476.

The U.S. Court of Appeals for the Eleventh Circuit, relying upon *Dimick*, has upheld the rejection of a § 1983 plaintiff's motion to alter the judgment like the one Merchant presents here. *Sepulveda v. Burnside*, 380 Fed. Appx. 821, 823-24 (11th Cir. 2010) (per curiam). By contrast,

1

neither of the two cases upon which Merchant relies in her motion arose under § 1983. These cases instead resolved requests for a new trial on the issue of damages made under applicable state law. *See Roark v. Wal-Mart La., LLC, Section "L" (2)*, Civil Action No. 11-701, slip op. at 4 (E.D. La. May 18, 2012) (Ex. A); *McMonigle v. Walton*, No. 5:03CV00069, 2007 WL 1231435, at *1-*3 (W.D. Va. Apr. 27, 2007).[1]

Several courts of appeals have held that *Dimick's* prohibition is inapplicable "when the amount of damages is not disputed and the party [seeking additur] is entitled to damages under the verdict as a matter of law." *Taylor v. Green*, 868 F.2d 162, 165 (5th Cir. 1989) (§ 1983 case); *accord Decato v. Travelers Ins. Co.*, 379 F.2d 796, 798 (1st Cir. 1967).[2] No such circumstance exists in this case, as Bauer has presented evidence placing in dispute Merchant's entire claim for compensatory damages.[3] *See infra*.

Merchant in any event is unable to satisfy the standard applicable to Rule 59(e). The Fourth Circuit has held that "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Merchant apparently advocates setting aside the jury's award of $1.00 in nominal damages based upon the third of these situations.

---

[1] The district court in *Roark* also denied an alternative motion for additur based upon *Dimick*. *Roark*, slip op. at 3 (Ex. A).

[2] The U.S. Court of Appeals for the Fourth Circuit has not reviewed an additur request in which the amount of damages was undisputed. *But cf. Alpine Forrest Partners v. Crown Cent. Petroleum Corp.*, 134 F.3d 362 (4th Cir. 1998) (per curiam) (unpublished table case) (citing *Dimick* in observing that "the Seventh Amendment precludes us from conditioning a new trial on the defendant's unilateral acceptance of an additur" (dicta)).

[3] During trial, Merchant waived any request for punitive damages. Trial Tr. vol. 2, 158:22-159:3, Oct. 10, 2012.

There is no basis for granting this relief. At trial, Merchant provided testimony on direct examination designed to show that her arrest had triggered the injuries for which she sought compensatory damages. Trial Tr. vol. 1, 213:10-214:4, 218:12-222:20, 225:21-230:10, Oct. 9, 2012 (Ex. B). She, however, also admitted on cross-examination that in an earlier lawsuit filed in a different federal court, she had requested the same compensatory damages for the same injuries based upon alleged sex discrimination by her former employer, Prince George's County, and a number of its officials. In doing so, she disclaimed active involvement in this prior suit, asserting that her attorneys took care of all matters due to her fragile emotional state at the time. Trial Tr. vol.1, 237:12-242:9, Oct. 9, 2012 (Ex. B); Trial Tr. vol. 2, 4:23-13:17, Oct. 10, 2012 (Ex. C).[4]

The jury was responsible for weighing Merchant's contradictory testimony, evaluating her credibility in light of it and then determining whether a preponderance of the evidence proved that Merchant's arrest had caused the injuries for which Merchant requested compensatory damages. To set aside the award of $1.00 in nominal damages at this juncture would usurp these core jury functions. *See Tennant v. Peoria & P. U. Ry.*, 321 U.S. 29, 35 (1944); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters . . . .'" (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127-28 (2d ed. 1995)); *Brown v. Siebert*, No. 02-2791M1/AN, 2006 WL 572695, at *1-*2 (W.D. Tenn. Mar. 8, 2006) (upholding the jury's award of $1.00 in nominal damages to a § 1983 plaintiff who sought damages for injuries allegedly resulting from the excessive force two police officers had

---

[4] See also Trial Tr. vol. 1, 132:17-134:25, Oct. 9, 2012 (Ex. B) (cross-examination of Theresa Kelly-Holmes), 147:14-148:1 (cross-examination of Tina Bell); Trial Tr. vol. 2, 153:14-154:24, Oct. 10, 2012 (Ex. C) (cross-examination of Patrice Lancaster).

3

used in apprehending him where the evidence showed that his automobile had crashed into a tree just before the officers had apprehended him).

In sum, neither the applicable law nor the evidence presented at trial supports Merchant's motion to alter the judgment pursuant to Rule 59(e). Accordingly, this motion should be denied.

Date: November 6, 2012.　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Benjamin R. Jacewicz
　　　　　　　　　　　　　　　　　Virginia State Bar Number 36644
　　　　　　　　　　　　　　　　　Attorney for Officer Robert M. Bauer
　　　　　　　　　　　　　　　　　Office of the County Attorney
　　　　　　　　　　　　　　　　　12000 Government Center Parkway, Suite 549
　　　　　　　　　　　　　　　　　Fairfax, Virginia 22035-0064
　　　　　　　　　　　　　　　　　Tel:　(703) 324-2421
　　　　　　　　　　　　　　　　　Fax:　(703) 324-2665
　　　　　　　　　　　　　　　　　benjamin.jacewicz@fairfaxcounty.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 6th day of November, 2012, I will electronically file the foregoing Defendant's Response to Plaintiff's Motion to Alter the Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e), along with exhibits, which will then send a notification of such electronic filing (NEF) to the following:

       Kenneth Bynum, Esquire
       Bynum & Jenkins, PLLC
       1010 Cameron Street
       Alexandria, Virginia 22314
       kbynum@bynumandjenkinslaw.com

       Attorney for Dr. Rose C. Merchant

                        /s/
                       Benjamin R. Jacewicz
                       Virginia State Bar Number 36644
                       Attorney for Officer Robert M. Bauer
                       Office of the County Attorney
                       12000 Government Center Parkway, Suite 549
                       Fairfax, Virginia 22035-0064
                       Tel:    (703) 324-2421
                       Fax:   (703) 324-2665
                       benjamin.jacewicz@fairfaxcounty.gov